1  ALICIA A.G. LIMTIACO
   United States Attorney
2  MARIVIC P. DAVID
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagåtña, Guam   96910
   PHONE:  (671) 472-7332
5  FAX:  (671) 472-7215

6  Attorneys for the United States of America

7              IN THE UNITED STATES DISTRICT COURT

8                 FOR THE TERRITORY OF GUAM

9  UNITED STATES OF AMERICA,              MAGISTRATE CASE NO.  14-00056

10                 Plaintiff,

11                    vs.

12 ROMAN SELEZNEV,                        **UNITED STATES' MEMORANDUM**
      aka TRACK2,                         **REGARDING SCOPE OF RULE 5**
13    aka ROMAN IVANOV,                   **JURISDICTION,  AND MOTION**
      aka RUBEN SAMVELICH,                **TO STRIKE DEFENDANT'S**
14    aka nCuX,                           **MOTION FOR DISCHARGE**
      aka Bulba,                          **AND RELEASE**
15    aka bandysli64,
      aka smaus,
16    aka Zagreb,
      aka shmak,

17
                       Defendant.
18

19     **I.      INTRODUCTION**

20          On March 16, 2011, a federal grand jury in the Western District of Washington returned a

21  28 count Superseding Indictment charging Roman Seleznev with various felonies stemming

22  from his alleged involvement in a computer-hacking scheme, the object of which was to steal

23  credit card numbers which would then be illegally resold and used to commit bank fraud.  The

24  Superseding Indictment alleges that Roman Seleznev trafficked in hundreds of thousands of

                                      1

consumer credit card numbers, thereby generating millions of dollars in illicit profits. Subsequent to the return of the Superseding Indictment, on January 10, 2012, a federal grand jury in the District of Nevada returned another Indictment charging Roman Seleznev and others with crimes similar to those outlined in the Superseding Indictment. Those charges also remain pending.

Defendant-Indictee Roman Seleznev is a Russian national believed to reside in Vladivostok, Russia. The warrants for Roman Seleznev's arrest remained outstanding until July 5, 2014, when a man named Roman Seleznev ("Seleznev") was taken into custody in the Maldives. Seleznev was promptly transported to Guam and appeared before this Court on July 7, 2014. At that time, the Court scheduled an identity hearing for July 22, 2014, to determine whether Seleznev is, in fact, the Roman Seleznev named in the Western District of Washington Superseding Indictment.

On July 18, 2014, Seleznev filed a motion to continue the Rule 5 identity hearing previously scheduled in this case, indicating he intended to file a "Motion for Discharge and Release" pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A) based on claims of an illegal arrest. The government opposed the motion to continue, noting that any matters other than identity should be reserved for pre-trial litigation in the Western District of Washington where the indictment against Roman Seleznev is currently pending. On July 18, 2014, the Chief Judge, Honorable Frances M. Tydingco-Gatewood entered a scheduling order directing the parties to submit briefing on whether the District of Guam has jurisdiction to hear Seleznev's proposed Motion for Discharge and Release given that the Superseding Indictment was issued by the United States District Court for the Western District of Washington. On July 21, 2014, rather than submit briefing on the jurisdictional issue as ordered by the Court, Seleznev instead filed his Motion for Discharge and Release.

2

The government submits this memorandum to address the jurisdictional issues raised by the Court and moves to strike Seleznev's Motion for Discharge and Release. Seleznev has disregarded the terms of the Court's July 18th order, and the reason why is readily apparent. Seleznev is not merely seeking pretrial release on bond. Rather, Seleznev claims his purportedly unlawful arrest has deprived the United States of jurisdiction to try him, and he therefore seeks an order from this Court releasing him unconditionally, after which he will undoubtedly flee the territorial jurisdiction of the United States. However, jurisdiction over Seleznev's motion for discharge and release lies not with this Court but with the Western District of Washington.

This case, which was charged in the Western District of Washington, is before this Court only for the limited purpose of conducting the defendant's initial appearance pursuant to Federal Rule of Criminal Procedure Rule 5. Because Seleznev was not charged in the District of Guam, Rule 5(c)(3) restricts this Court's jurisdiction to making findings on two very discrete issues: (1) whether the United States has produced an arrest warrant; and (2) whether the person before the Court is the person named in that warrant. If both conditions are satisfied, Rule 5 provides that the Court "*must* transfer the defendant to the district where the offense was allegedly committed" for further proceedings. Fed. R. Crim. P. 5(c)(3)(D) (emphasis added). All other issues must be decided in the district where the indictment is pending.

Accordingly, the United States respectfully requests that the Court strike Seleznev's Motion for Discharge and Release and that the Court re-schedule the Rule 5 identity hearing to occur as soon as possible. The government's witnesses will be available for the identity hearing to be set by the Court.

## II. DISCUSSION

### A. Rule 5 Limits this Court's Jurisdiction to the Issue of Identity.

Seleznev is before this Court solely for the purpose of making an initial appearance

pursuant to Rule 5(c)(3). This rule provides strict limits on the scope of proceedings in the

removal district. Specifically, Rule 5(c)(3)(D) provides that "the magistrate judge *must* transfer

the defendant to the district where the offense was allegedly committed" if two conditions are

satisfied (emphasis added). First, the government must "produce the warrant, a certified copy of

the warrant, or a reliable electronic form of either." Fed. R. Crim. P. 5(c)(3)(D)(i). Second, the

magistrate judge must find, under a probable cause standard, *see United States v. Antoine*, 796 F.

Supp. 2d 417, 420 (E.D.N.Y. 2011), that the defendant is the same person named in the

indictment, information or warrant. Fed. R. Crim. P. 5(c)(3)(D)(ii). The removal court's

jurisdiction is thus limited to determining whether these two conditions are satisfied, and the

court is required to transfer the case if it makes affirmative findings on both issues. As the

District of Columbia Circuit explained:

> The clear mandate of Rule [5(c)(3)] sharply limits the function and authority of the magistrate, and by the same token the jurisdiction of the district court for the transferor district. Where the terms of Rule [5(c)(3)] are met in a proceeding for removal in furtherance of a prosecution by indictment, *that court lacks power to dismiss either the proceeding or the prosecution.* . . . The upshot of it all is that once a certified copy of the indictment is produced at a removal hearing, the only issue remaining litigable is the identity of the arrestee as the indictee.

*United States v. Green*, 499 F.2d 538, 541 (D.C. Cir. 1974) (removal court lacked jurisdiction

over motion asserting that initiation of prosecution was unduly delayed) (emphasis added). [1] *See*

*also In re Ellsberg*, 446 F.2d 954, 959-60 (1st Cir. 1971) (once identity was established, "the

removal court had no choice but to issue the removal order based on presentation of a certified

copy of the indictment and a copy of the arrest warrant"); *United States v. Martinez-Leon*, 565 F.

Supp. 2d 1131, 1134-35 (C.D. Cal. 2008) (when indictment against defendant has been issued,

"the sole issue before [the removal court] is defendant's identity").

---

[1] *Green* was considering former Rule 40, which was the predecessor to Rule 5(c)(3). There is no substantive difference between these rules; these provisions of former Rule 40 were simply relocated to Rule 5(c)(3). *See* Fed.R.Crim.P. 40, Advisory Committee Notes, 2002 amendments.

4

Because of the limits Rule 5(c)(3)(D) places on a removal court's jurisdiction, a removal court may not entertain challenges to the defendant's indictment, arrest, or prosecution. Those issues must be determined in the district where the crime was committed. *See Frost v. Yankwich*, 254 F.2d 633, 637 (9th Cir. 1958) ("The defendant . . . was found to be the person against whom the warrant was issued and against whom the prosecution is pending. . . . Petitioner's remedy, if any, lies in the Illinois jurisdiction. If he has a defense, it is there that it must be presented."). For example, the Ninth Circuit has held that a removal court may not entertain a motion for discovery or a motion to suppress evidence (in that case a wiretap) upon which the indictment was based. *Vazquez v. United States District Court for District of Nevada*, 572 F.2d 697 (9th Cir. 1978) (citing *Ellsberg*); *see also Ellsberg*, 446 F.2d at 959-60 (similar). Simply put, the proper forum to litigate any challenge to the prosecution is in the transferee court. As the District of Columbia Circuit has recognized, while this "may appear to visit needless inconvenience on arrestees whose motions to dismiss may ultimately achieve success in the transferee court, there are more powerful considerations on the other side." *Green,* 499 F.2d at 541. "The full panoply of defenses is available to the addressee in the transferee court, and any inconvenience incidental to the assertion of defense there is simply unavoidable" under the express terms of Rule 5(c)(3)(D). *Id.*

**B.** **Jurisdiction to Entertain Seleznev's Motion for Discharge and Release Lies in the District Where the Offense Occurred.**

As discussed above, this Court must resolve only two issues. The first (the existence of a warrant) has already been addressed: the government has filed the Superseding Indictment and arrest warrant with the Court. Dkt. 1, Ex. 1. Therefore, under Rule 5(c)(3)(D), "the only issue remaining litigable" is identity. *Green*, 499 F.2d at 541. Under Rule 5(c)(3)(D)(ii), the Court must now make a finding as to Seleznev's identity as the indictee. Under Rule 5, if the Court finds probable cause exists to believe that the person in custody is the person named in the

indictment, the Court "must" transfer the case to the Western District of Washington. Fed. R. Crim. P. 5(c)(3)(D).

The relief requested in Seleznev's motion (discharge and release) is directly contrary to this procedure and to Rule 5(c)(3)(D)'s mandate concerning the transfer of a defendant arrested outside the district of indictment. That is, Seleznev's motion seeks his release — rather than his transfer — even if the Court finds both of Rule 5(c)(3)(D)'s requirements are satisfied. The clear language of the rule and the authorities discussed above make clear that this is impermissible. Accordingly, the United States respectfully requests that the Court follow the procedure prescribed by Rule 5(c)(3)(D) by setting an immediate identity hearing, and, if probable cause is shown at that hearing establishing Seleznev's identity as the person named in the indictment, enter an order transferring Seleznev to the Western District of Washington for further proceedings.

Seleznev makes no attempt to square his request for relief with the express terms of Rule 5(c)(3)(D) — the rule is referenced only once in his motion papers. Furthermore, the authority Seleznev does cite does not support the position that his motion may be decided by a removal court. Seleznev does not cite a single case in which a removal court ordered the defendant's release, dismissal, or, indeed, any relief other than a transfer under Rule 5(c)(3). For example, Seleznev's citation to *United States v. Fuselier*, 2008 WL 352207 (W.D. La. Feb. 7, 2008) for the proposition that a court overseeing an initial appearance pursuant to Rule 5 "entertained defendant's motions purportedly contesting jurisdiction" is disingenuous. *See Seleznev's Motion for Discharge and Release*, page 8. In *Fuselier*, the Court rejected defendant's motions as "frivolous" without any discussion of whether Rule 5 even allows such motions in the first place. *Id*. at 1. This hardly supports Mr. Seleznev's position that this Court should hear and decide the merits of his Rule 12(b)(3)(A) motion.

Likewise, Seleznev's reliance on *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1026, 1030 (9th Cir. 1999), to support this Court's hearing his motion for discharge is also misplaced. *Barragan-Mendoza* addressed two jurisdictional issues: first, whether the appellant's notice of appeal was timely and, therefore, if the Court of Appeals had jurisdiction over the appeal; and second, whether the district court had jurisdiction to correct a sentence under Rule 35 more than seven days after sentencing. *Id.* Notably, neither of these issues had anything to do with a removal court's jurisdiction under Rule 5(c)(3). Finally, Seleznev's citation to *United States v. Cervantes*, 2014 WL 1716080 (C.D. Cal. Apr. 29, 2014) is unhelpful for similar reasons. In *Cervantes*, a defendant moved to vacate his conviction under 28 U.S.C. § 2255, arguing, among other things, that the court that heard his case did not establish subject matter jurisdiction over the case. *Id.* at *2-3. While denying the motion, the court noted the general principles of subject matter and personal jurisdiction in a criminal proceeding on an indictment pending in the district in which the defendant *is tried*. *Id.* at *4-5. Nothing in the *Cervantes* case addressed the scope of a removal court's jurisdiction under Rule 5(c)(3).

Seleznev's claim that he must raise these issues disputing the legality of his arrest and prosecution in Guam as part of his Rule 5 proceedings is also false. Nothing a defendant does at an identity hearing constitutes a waiver of any jurisdictional objection (personal or otherwise) that he may wish to raise in the district where this case is pending. Seleznev is free to raise all the claims identified in his motion in the Western District of Washington as a part of his pre-trial proceedings. Indeed, in all of the cases cited in support of Seleznev's motion for discharge and release, the defendants' arguments were heard in the district in which the indictment was pending, rather than any other court in which the defendants may have made an initial appearance.

//

## III. CONCLUSION

Under Rule 5, the scope of a removal court's jurisdiction is extremely limited and does not extend to the matters raised in Seleznev's Motion for Discharge and Release. Because Rule 5(c)(3) limits the Court's jurisdiction to determining whether an indictment and arrest warrant exists and whether the defendant in custody is the defendant named in the indictment and arrest warrant, the Court should strike Seleznev's motion and re-schedule the identity hearing to occur as soon as possible.

RESPECTFULLY SUBMITTED this __22nd__ day of July, 2014.

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and NMI

By:     /s/ Marivic P. David
MARIVIC P. DAVID
Assistant U.S. Attorney

8