CIVILLE & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE : (671) 472-8868
FACSIMILE :  (671) 477-2511

*Attorneys for the Person Being Detained As
Defendant Roman Seleznev*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 14-00056 |
|---|---|
| Plaintiff, | |
| vs. | |
| ROMAN SELEZNEV,<br>    aka TRACK2,<br>    aka ROMAN IVANOV,<br>    aka RUBEN SAMVELICH,<br>    aka nCuX,<br>    aka Bulba,<br>    aka bandysli64,<br>    aka smaus,<br>    aka Zagreb,<br>    aka shmak, | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISCHARGE AND RELEASE DEFENDANT PURSUANT TO FED. R. CRIM. P. 12(b)(3)(A) |
| Defendant. | |

At issue before this Court is whether a district court tasked with overseeing the removal proceedings of a criminal defendant kidnapped and unlawfully arrested by United States agents in a foreign country must first entertain the threshold issue of whether there exists jurisdiction over that defendant. Because our federal courts are powerless to act without jurisdiction, the preliminary determination of whether there is jurisdiction over a defendant must be heard in the district of removal. Consistent with Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 5's

objective of preventing improvident removals, a defendant should not have to first suffer removal to a district court thousands of miles away to only then have the transferee court determine that it does not have jurisdiction over him. For these reasons, Roman Seleznev, accused of being the Roman Seleznev in the above-captioned matter (referred to herein as "Seleznev" or "Defendant"), respectfully requests that this Court exercise jurisdiction over the pending Motion to Discharge and Release Defendant Pursuant to Fed. R. Crim. P. 12(b)(3)(A).

### A. The Threshold Issue of Whether Jurisdiction Exists to Remove a Defendant Must Be Heard by the District of Removal.

A challenge to a removal court's jurisdiction, that is, its power to conduct the removal proceedings, has been described as "fundamental and primary." *United States v. Melekh*, 190 F. Supp. 67, 73 (S.D.N.Y. 1960). And, the issue of whether a district of removal has jurisdiction presents a question that "must" be answered, and cannot be deferred or reserved for a transferee court. *Id.*; *see also, United States v. Chiarito*, 69 F. Supp. 317, 325 (D. Or. 1946) (citing "clear" distinction between probable cause and jurisdiction and ultimately concluding that where there is no jurisdiction for trial, there is no jurisdiction for removal).

No court has prohibited a district court overseeing removal proceedings from considering the threshold issue of whether there exists jurisdiction to transfer a defendant; instead, courts only have deferred to the transferee court non-jurisdictional substantive challenges to an arrest or an indictment – not jurisdictional challenges such as Seleznev raises here. *See, e.g., United States v. Curi*, No. 3:10-4108, 2010 WL 5019088 at *2 (M.D. Tenn. Dec. 2, 2010) (refusing to entertain substantive challenges to underlying indictment); *United States v. Rodriguez-Torres*, 2014 WL 2320081 at *4 (S.D.N.Y. May 30, 2014). This is because a federal court overseeing removal

2

proceedings requires jurisdiction, albeit limited, to conduct an identity hearing and oversee removal proceedings. *See Melekh*, 190 F. Supp. at 73.

Relying on a host of cases wherein defendants consented to a removal court's jurisdiction and did not challenge its authority (or lack thereof) to act in any capacity, the Government's opposition misses the mark. In fact, the Government fails to cite any persuasive or instructive authority refuting Defendant's argument that this Court is the proper court to ascertain the threshold issue of jurisdiction prior to undertaking any action against Seleznev. *See, e.g., Ex parte McCardle,* 74 U.S. 506, 514 (1868). Tellingly, no cases relied upon by the Government involve a prohibited challenge to the transferor court's jurisdiction to conduct removal proceedings, and the Government does not dispute that jurisdiction is a threshold issue requiring a court's immediate consideration.

Fatally, the Government's opposition fails to account for how this Court possesses or acquired jurisdiction to conduct removal proceedings; but, the case law relied upon by the Government is instructive. In each case relied upon by the Government, the indictee/defendant either voluntarily submitted to the removal court's jurisdiction, *see United States v. Green*, 499 F.2d 538 (D.C. Cir. 1974); *In re Ellsberg*, 446 F.2d 94, 959-60 (1st Cir. 1971), or was arrested in the district overseeing the removal on American soil, *see United States v. Antoine*, 796 F.Supp.2d 417, 419 (E.D.N.Y. 2011); *United States v. Martinez Leon*, 565 F. Supp.2d 1131, 1132 (C.D.Cal. 2008); *Vazquez v. United States District Court for District of Nevada*, 572 F.2d 697 (9th Cir. 1978); *Frost v. Yankwich*, 254 F.2d 633 (9th Cir. 1958).

Here, Seleznev neither consents to the Court's jurisdiction, nor was he arrested on United States soil in the district seeking his removal. Instead, he was plucked from a third party country and rendered unlawfully into a territory of the United States. Accordingly, the Government's

reliance on *United States v. Green*, 499 F.2d 538 (D.C. Cir. 1974) as dispositive is unavailing as it is distinguishable on two critical facts. Specifically, the indicted defendants to be removed in *Green* had (i) consented to the Court's jurisdiction; and (ii) had not raised threshold jurisdictional issues in their motion. Moreover, the court in *Green* did not analyze or consider the issue of when a transferor court has jurisdiction to act, instead observing that the Court's jurisdiction to act emanated from then (now Rule 5) Fed. R. Crim. P. 40. *Id.* at 541.

Nonetheless, *Green* is instructive, recognizing that a fundamental objective of any removal proceeding is the prevention of "improvident removals". *Id.* at 540. Here, the avoidance of an improvident removal is best served by this Court's preliminary consideration of jurisdiction prior to the removal of Seleznev to a jurisdiction over five thousand miles away, when serious doubt exists as to whether any United States court has jurisdiction over him.

### B. The District of Removal Must Entertain Challenges to Jurisdictional Issues.

Jurisdiction is a threshold issue which a removal court cannot defer or reserve for consideration by the transferee court. *See Melekh*, 190 F. Supp. at 73. It is well established that a preliminary challenge to a district court's jurisdiction is a separate and distinct inquiry from the underlying merits of the case. *See, e.g., Lujan v. Girardi/Keese*, No. 09-cv-00017, 2009 WL 5216906, *6 n.10 (D. Guam Dec. 29, 2009) ("[J]urisdiction is a preliminary determination that is wholly separate from an evaluation of the merits."). Although courts overseeing removal proceedings have refused to entertain "substantive challenges", such challenges are qualified as being challenges to an arrest, indictment or underlying charges. *See, e.g., Curi, supra*, 2010 WL 5019088 at *2 (holding that "constitutional or other substantive challenges *to the arrest warrant or the indictment* should be addressed to the trial court in the charging district after transfer")

4

(emphasis added); *Rodriguez-Torres, supra,* 2014 WL 2320081, at *4 (noting "the scope of an identity hearing is limited to the matters contained in Rule 5(c)(3)(D), and therefore any substantive challenges *to the underlying charges* should be addressed to the [transferee] court") (emphasis added). Here, by contrast, Seleznev's challenge is even more fundamental; it goes to the jurisdiction of the Court to proceed. Thus, this Court can and should rule on Seleznev's motion, as his sole challenge is on jurisdictional grounds; he does not seek here to challenge his indictment and underlying charges during this proceeding.

Consequently, the cases cited by the Government precluding a transferor court from considering substantive issues are neither binding nor instructive on this Court. Unlike motions alleging delays in prosecution, *see Green, supra,* 499 F.2d at 539-40; motions seeking to suppress tainted wiretap interceptions, *see Ellsberg, supra,* 446 F.2d at 959; strike testimony, *see Martinez-Leon, supra,* 565 F. Supp.2d at 1134-35; compel discovery, *see Vazquez, supra,* 572 F.2d at 697; or challenging a denial of habeas corpus, *see Frost, supra,* 254 F.2d at 637, the jurisdictional issue is unique and warrants this Court's immediate consideration.

Indeed, the authority relied upon by the Government supports Defendant's position that the question of jurisdiction is a threshold issue which must be considered by a Rule 5 court. For example, the First Circuit in *In re Ellsberg* affirmed that a district court "must deny removal if an examination of the indictment fails to reveal . . . that the court to which the accused is sought to be removed has jurisdiction." *In re Ellsberg,* 446 F.2d 954, 957-60 (1st Cir. 1971) (citing *Tinsley v. Treat,* 205 U.S. 20, 29, 27 S. Ct. 430, 432, 51 L. Ed. 689 (1907)) ("[I]t has been repeatedly held that in such cases the judge exercises something more than a mere ministerial function, involving no judicial discretion. He must . . . determine whether the court to which the accused is sought to be removed has jurisdiction of the same."). This carve-out illustrates the exceptional

5

nature of a jurisdictional inquiry and is appropriately contrasted with courts' reluctance to adjudicate substantive issues, or the merits, at the removal stage.

Seleznev does not assert, in this Court, a constitutional or substantive challenge to his indictment or the underlying charges against him; rather Seleznev challenges whether any district court has jurisdiction over him following his illegal abduction from a foreign country and rendition into the United States. Crucially, although discharge of the case is the requested relief, the indictment itself is not being challenged in this proceeding. *See, e.g., In re Ellsberg*, 446 F.2d at 959.

Because this Court is powerless to act without jurisdiction over Seleznev, jurisdiction is a properly-raised threshold issue during his identity hearing, and a transferor court must ascertain whether it has jurisdiction to conduct removal proceedings. *Melekh*, 190 F. Supp. at 73. Moreover, *Ellsberg, Tinsley* and *Chiarito* demonstrate that jurisdictional issues have been historically contemplated by removal courts.

And, lastly, practical considerations also mandate this Court's immediate consideration of Seleznev's Motion. This Court should first consider whether any United States court has jurisdiction over Seleznev as a result of his illegal kidnapping before spiriting him off yet again to another district thousands of miles away. Should the transferee court ultimately decide that it has no jurisdiction over Seleznev, irreparable harm will have resulted from his removal. Finally, this Court stands in a better position to determine the jurisdictional issue, as it is geographically closer to the location of both the kidnapping and unlawful transfer to United States soil.

//
//
//

6

Case 1:14-mj-00056   Document 15   Filed 07/23/14   Page 6 of 7

## CONCLUSION

For the foregoing reasons, and for those asserted in Defendant's initial Memorandum, this Court's preliminary, initial assessment must be that jurisdiction is lacking to support the removal of Defendant to the District Court for the Western District of Washington in light of the exceptional and unprecedented circumstances presented before this Court.

Respectfully submitted this 23rd day of July, 2014.

CIVILLE & TANG, PLLC

By: _____
G. PATRICK CIVILLE
*Attorneys for the Person*
*Being Detained as Defendant*
*Roman Seleznev*

7