ALICIA A.G. LIMTIACO
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

JENNY A. DURKAN
United States Attorney
MICHAEL MORGAN
Assistant U.S. Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-7970
Fax: (206) 553-0882
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>ROMAN SELEZNEV,<br>    aka TRACK 2,<br>    aka ROMAN IVANOV,<br>    aka RUBEN SAMVELICH,<br>    aka nCuX,<br>    aka Bulba,<br>    aka brandysli64,<br>    aka smaus,<br>    aka Zagreb,<br>    aka shmak,<br><br>        Defendant. | MAGISTRATE CASE NO. 14-00056<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE HEARING |

The United States of America, by and through undersigned counsel, respectfully submits this memorandum in opposition to Defendant Roman Seleznev's motion to continue the hearing

on his motion for discharge and release, which was originally set for Wednesday, July 30, 2014 (ECF No. 34). The Court indicated it would consider Seleznev's continuance request when the hearing commenced on July 30 (ECF No. 35), and the United States planned to voice its opposition to any continuance at the hearing.[1] However, that hearing was postponed due to a weather-related court closure, and is now scheduled for July 31, 2014. Because the issues raised in Seleznev's motion are equally applicable to the rescheduled hearing, the government takes this opportunity to explain why any further delay of the hearing should be denied.

**I.      Seleznev Is Seeking To Litigate An Irrelevant Issue.**

Seleznev insists a continuance is warranted because he has not received discovery from the United States which, he claims, will help prove that this Court lacks personal jurisdiction over him because the United States engaged in "shocking and outrageous" conduct to secure his presence before the Court. But as the government has already pointed out, Seleznev's argument rests on a faulty premise. "Personal presence of a defendant before a district court gives that court jurisdiction over him regardless of how his presence was secured." *United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir. 1970). Thus, an allegation that the government engaged in purportedly "shocking or outrageous" conduct in apprehending Seleznev is irrelevant to whether this Court *presently* has personal jurisdiction over Seleznev, and accordingly "the [C]ourt need not inquire as to how [Seleznev] came before it. " *United States v. Alvarez-Machain*, 504 U.S. 655, 662 (1992); *see also Frisbie v. Collins*, 342 U.S. 519, 522 (1952); *Ker v. Illinois*, 119 U.S. 436, 444 (1886); *United States v. Matta-Ballesteros*, 71 F.3d 754, 762-64 & n.3 (9th Cir. 1995).

While Seleznev is free *in the future* to urge this ground as a basis for dismissal of the indictment, *see United States v. Struckman*, 611 F.3d 560, 572-77 (9th Cir. 2010); *United States v. Anderson*, 472 F.3d 662, 667 (9th Cir. 2006); *Matta-Ballesteros*, 71 F.3d at 762-65, that issue

---

[1] Seleznev's continuance motion was filed at 3:09 p.m. on July 29, 2014, just two hours before the close of business. The timing of this filing prevented the government from responding in writing prior to July 30.

must be addressed by the court with jurisdiction over the underlying criminal case, namely the Western District of Washington.[2] *See Vazquez v. United States District Court for District of Nevada*, 572 F.2d 697 (9th Cir. 1978); *United States v. Green*, 499 F.2d 538, 541 (D.C. Cir. 1974). At this juncture, the only issue properly before the Court is whether Seleznev should be removed to the Western District of Washington for trial on the pending indictment. *See* Fed. R. Crim. P. 5(c)(3)(D). Because the circumstances of Seleznev's apprehension are not relevant to the limited question before the Court, there is no reason to continue this matter to allow Seleznev to further explore that issue.

Finally, even assuming this Court could properly entertain a motion to terminate the prosecution based on outrageous governmental conduct, there would still be no reason to further delay the hearing, or to afford Seleznev an evidentiary hearing on his motion. Seleznev believes he may be able to prove "there was some sort of agreement between the U.S. agents and someone in the Maldives" to effect his apprehension, and suggests this could support an outrageous conduct claim (ECF No. 34 at 3). However, any argument based on the premise that this agreement involved an attempt to avoid the formalities (if any) Seleznev may have been entitled under Maldivian law is foreclosed by *United States v. Valot*, 625 F.2d 308, 309-10 (9th Cir. 1980), which held that the transfer of a defendant into United States custody without formal extradition proceedings did not amount to outrageous conduct. *See also Struckman*, 611 F.3d

---

[2] Citing *Anderson* and *Struckman*, Seleznev states "[t]he law in this Circuit is clear" and he is entitled to raise his "shocking and outrageous" conduct claim as a challenge to "the court's jurisdiction" (ECF No. 34 at 2). But Seleznev cites *not a single case* in which this type of claim was raised anywhere other than in the district of indictment in a motion to dismiss the indictment. This is because there are none. Moreover, it is hardly "clear" this claim is properly raised in a motion challenging the court's jurisdiction. In *Matta-Ballesteros*, the Ninth Circuit quite plainly stated that a claim alleging outrageous conduct should only be raised in a motion to dismiss the indictment based on the court's supervisory powers. 71 F.3d at 763 n.3. However, in *Anderson*, the Ninth Circuit, quoting *Matta-Ballesteros*, stated an outrageous conduct claim could be raised in a motion to dismiss challenging the court's jurisdiction. 472 F.3d at 666 (quoting *Matta-Ballesteros*, 71 F.3d at 762-64). This was a misapplication of *Matta-Ballesteros*; indeed, the language quoted by *Anderson* was taken from the portion of the *Matta-Ballesteros* opinion discussing a court's authority to dismiss based on its supervisory power, not lack of jurisdiction. Indeed, in *Struckman* the Ninth Circuit recognized this "tension" between *Matta-Ballesteros* and *Anderson*, but avoided resolving it. 611 F.3d at 573 n.8.

573-74 (misrepresentations made to secure foreign cooperation in obtaining custody of the defendant was not sufficiently outrageous); *Anderson*, 472 F.3d at 667 (removing the defendant while his appeal from an extradition order was pending was not sufficiently outrageous). As for the manner of effecting his purportedly "forcible rendition" (ECF No. 34 at 2), if hooding, binding, and abducting a defendant from his home in a predawn military-assisted raid does not amount to outrageous conduct, *Matta-Ballesteros*, 71 F.3d at 761-63, Seleznev's non-violent apprehension in a public airport hardly qualifies. Simply put, Seleznev's allegations fail as a matter of law to establish a facially-viable outrageous conduct claim, rendering discovery and an evidentiary hearing related to this issue unnecessary.

**II.      Seleznev Is Not Entitled To Any Discovery.**

Apart from his continuance request, Seleznev asks this Court to order the United States "to fully respond to his discovery requests" (ECF No. 34). In particular, Seleznev seeks a variety of materials to which he claims entitlement under Fed. R Crim. P. 16, particularly materials pertaining to his detention in the Maldives and subsequent transfer to Guam.

Seleznev's discovery-related motion is baseless. Seleznev has no right to any discovery at this point in the proceedings. Rule 16 confers a right to discovery of evidence the government intends to use at trial, or which may be material to preparing the defense at trial. *See* Fed. R. Crim. P. 16(a)(1)(E). Nothing in Rule 16 purports to afford a defendant any right to discovery in connection with a Rule 5 identity hearing or any motion related to such a hearing. *Accord* Fed. R. Crim. P. 26.2(g). Indeed, this Court's General Order No. 11-0007 recognizes the government's Rule 16 discovery obligations are triggered only when the defendant is before the Court for trial. Under General Order No. 11-0007, the government's Rule 16 disclosures are due "[s]even days after arraignment," an event which occurs when the defendant is brought before the Court to plead to the indictment. Fed. R. Crim. P. 10(a). Seleznev, however, is before this

- 4 -

Court for an initial appearance and identity hearing, not an arraignment. Needless to say, an initial appearance and an arraignment are not the same thing. *Compare* Fed. R. Crim. P. 5(c)(2)-(3), (d) *with* Fed. R. Crim. P. 10(a). Where, as here, the defendant was arrested outside the district of indictment, the arraignment will occur only after the defendant has been removed from the district where his initial appearance is held to the district of indictment. In short, the government's Rule 16 obligations will ripen when Seleznev is removed to the Western District of Washington, not before. Seleznev is thus not entitled to any discovery at this point, and, as such, his request for an order compelling discovery from the government should be denied. While the government has provided Seleznev some discovery as a matter of grace, he has no right to anything further from the government in this regard.

Respectfully submitted this 31st day of July, 2014.

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the NMI


By: /s/ Marivic P. David
MARIVIC P. DAVID
Assistant U.S. Attorney

- 5 -

Case 1:14-mj-00056   Document 36   Filed 07/31/14   Page 5 of 5